**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL JON COOPER,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | **Civil Action No. 4:07-CV-002-Y** |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Michael Jon Cooper, TDCJ # 727975, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In April 1995, Cooper was charged by indictment in the 43rd District Court of Parker County,

Texas, Case No. 11966, with felony driving while intoxicated (DWI). (4State Habeas R. at 42.)[1] On May 1, 1995, Cooper pleaded guilty to the offense and the trial court assessed his punishment at twenty-five years' confinement (*Id.* at 28.) Cooper did not directly appeal the trial court's judgment; thus the judgment became final under state law thirty days later on May 31, 1995. *See* TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).

Cooper filed four state postconviction applications for writ of habeas corpus challenging his conviction and/or sentence. The first state application filed on February 21, 1997, was dismissed on April 16, 1997, at Cooper's request as improperly filed. *Ex parte Cooper*, Application No. 33,670-01, at cover. The second state application (entitled "First Amended Application for Post-Conviction Writ of Habeas Corpus"), filed on April 23, 1997, was denied without written order by the Texas Court of Criminal Appeals on May 21, 1997. *Ex parte Cooper*, Application No. 33,670-02, at cover. The third and fourth applications, filed on May 11, 1999, and September 13, 2006, respectively, were dismissed by the Texas Court of Criminal Appeals on July 14, 1999, and December 6, 2006, as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure. *Ex parte Cooper*, Application No. 33,670-03 & 33,670-04, at cover.

Cooper filed this petition on December 27, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing). Cooper claims, as he did in state court, that he is actually innocent of the offense and sentence because the underlying Wise County DWI conviction, one of two previous misdemeanor DWI convictions used to enhance the current offense to felony status, was determined

---

[1]"4State Habeas R." refers to the state court record for Cooper's fourth state habeas application in *Ex parte Cooper*, Application No. 33,670-04.

to be void and invalid on December 4, 1996; thus, he argues, the primary offense was not a felony and the district court had no jurisdiction over the offense. (Petition at 7 & Exhibit A.) Cooper also claims that trial counsel was ineffective by failing to investigate and advise him that the Wise County DWI conviction was invalid. (Petition at 7.) As ordered, Quarterman has filed an answer addressing only the issue of limitations, to which Cooper has filed a reply.

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Applying § 2244(d)(1)(D), and assuming, without deciding, that with due diligence Cooper

could have learned of the factual basis for his claims on the date the Wise County DWI conviction was rendered void on December 4, 1996, he had one year, or until December 4, 1997, to file a federal habeas corpus action. *Id.* § 2244(d)(1)(D). Under the statutory tolling provision, the limitations period was tolled a total of 82 days during the pendency of his first and second state habeas applications, making his petition due on or before March 4, 1998. *Id.* § 2244(d)(2). Cooper's third and fourth state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Cooper entitled to tolling as a matter of equity. He argues that he is actually innocent of the offense and a miscarriage of justice will result if the court does not consider his claims on the merits. (Pet'r Traverse at 1-3.) A claim of actual innocence, however, does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Cooper's petition was due on or before March 4, 1998. His petition, filed on December 27, 2006, is untimely.

## II. RECOMMENDATION

Cooper's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 2, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 2, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 12, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE